IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| STEPHANIE EVANS WILLIS,<br><br>　　Plaintiff,<br><br>v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§ Case No. 6:22-cv-143-JDK-KNM<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Stephanie Evans Willis appeals a final decision of the Social Security Administration Commissioner. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On August 18, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court affirm the Commissioner's final decision and dismiss this Social Security appeal with prejudice. Docket No. 15. Plaintiff filed objections. Docket No. 16.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In her objections, Plaintiff argues that the ALJ's finding concerning her residual functional capacity ("RFC") is not supported by substantial evidence. Plaintiff asserts that the ALJ improperly arrived at the RFC finding by relying on her own unsupported opinions concerning Plaintiff's mental limitations instead of a medical expert opinion.

The relevant time period for Plaintiff's application is limited to May 10, 2017, through December 31, 2017, her date last insured. In her written decision, the ALJ summarized and considered treatment notes and examination findings for the relevant period, as well as Plaintiff's statements concerning the effects of her symptoms. The ALJ additionally evaluated the medical opinions in the record consistent with 20 C.F.R.§ 404.1520c. The ALJ concluded that the opinions of the State agency medical consultants, ultimately finding no severe impairment, was not persuasive when considering the medical evidence together with Plaintiff's subjective complaints and prescribed medication. Docket No. 10-2, at *23. The ALJ additionally did not find the opinion of Dr. Brockway—finding significant limitations in Plaintiff's ability to get along with others, maintain attention and complete a normal workday—to be persuasive because it is limited to Plaintiff's level of functioning nearly four years after the relevant period, is not supported by examination findings, and is not consistent with the treatment notes and medication symptom management during the relevant period. *Id.*

2

Here, the ALJ did not have a medical source statement for the relevant period identifying the effect of Plaintiff's impairments on her ability to work. Instead, the record includes an opinion finding no severe impairment and an opinion concerning Plaintiff's limitations well outside of the relevant period. The ALJ evaluated these opinions and considered the medical record together with Plaintiff's subjective complaints. The absence of a medical source statement describing how the claimant's impairments affect her ability to work, "does not, in itself, make the record incomplete." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). It is not error for an ALJ to assess the RFC in the absence of an assessment of the RFC by a medical source. *Joseph-Jack v. Barnhart*, 80 F. App'x. 317, 318 (5th Cir. 2003). "It is the ALJ's responsibility to determine a claimant's RFC, and such an assessment is not a medical opinion." *Id*. Here, the ALJ identified specific negative examination findings in the treatment notes and Plaintiff's demonstrated symptom management with medication, ultimately arriving at the RFC that includes limitations to accommodate mental impairments. The ALJ's RFC finding is supported by substantial evidence and Plaintiff has not shown error in the ALJ's analysis.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 15) as the opinion of the District Court. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **20th** day of **September, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4